**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT ASHTON,  :  <br>   Plaintiff   : <br>      : No. 1:12-cv-01920 <br> v.   : <br>      : (Judge Kane) <br> CHARLES T. KNEPP, et al.,  : <br>   Defendant   : (Magistrate Judge Mehalchick) <br>      : | |

## MEMORANDUM

Pending before the Court is a motion to dismiss on behalf of Defendants Bureau of Community Corrections, Michael Gingerich, Traci Jacobson, Charles Knepp, Pennsylvania Department of Corrections, Kathy Jo Reedy, John Sommers, Brenda Tritt, and Wernersville Community Corrections Center (Doc. No. 77) ("Corrections Defendants"); and a motion to dismiss on behalf of Defendants Luzerne County Probation Services and Tom Pepperling (Doc. No. 81) ("Probation Defendants"); Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 119); the Corrections Defendants' objections to the Report and Recommendation (Doc. No. 120); and Plaintiff's affidavit concurring in the Report and Recommendation (Doc. No. 131). For the reasons that follow, the Court will adopt the Report and Recommendation, overrule Corrections Defendants' objections, grant in part and deny in part Corrections Defendants' motion to dismiss, and grant Probation Defendants' motion to dismiss.

**I.     BACKGROUND**

Plaintiff Robert Ashton, proceeding pro se, filed the above-captioned civil rights complaint in this Court on September 26, 2012, alleging that Defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

1

Constitution (Doc. No. 1), and filed an amended complaint on February 27, 2013 (Doc. No. 73). Plaintiff's complaint relates to his experience at the Wernersville Community Corrections Center.[1]  On March 8, 2013, the Corrections Defendants filed a motion to dismiss (Doc. No. 77), and on March 13, 2013, the Probation Defendants also filed a motion to dismiss (Doc. No. 81).

Following the completion of an extended briefing schedule, on December 30, 2013, Magistrate Judge Mehalchick filed a Report and Recommendation in the above-captioned action, recommending that the Court grant in part and deny in part Corrections Defendants' motion to dismiss Plaintiff's civil rights complaint, and grant Probation Defendants' motion to dismiss. (Doc. No. 119.)  On January 9, 2014, Corrections Defendants filed objections to Magistrate Judge Mehalchick's recommendation to deny their motion to dismiss Plaintiff's equal protection, retaliation, and Eighth Amendment claims as to Defendants Gingerich, Reddy, and Knepp. (Doc. No. 120.)  On March 17, 2014, Plaintiff filed a response to the Report and Recommendation, Corrections Defendants' objections, and the pending motions to dismiss. (Doc. No. 130.)  On April 8, 2014, Plaintiff filed an affidavit in which he urges the Court to adopt the Report and Recommendation, on the assumption that adoption of the Report would ensure that some of his claims would proceed.  (Doc. No. 131 at 1.)  The matter is now ripe for disposition.[2]

---

[1] The factual background is set out in detail in the Report and Recommendation, and the Court need not reproduce it here.  (Doc. No. 119 at 2-3.)

[2] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject,

**II.      STANDARD OF REVIEW**

A court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Ibqual, 556 U.S. 662, 678 (2009).  Consistent with the Supreme Court's ruling in Bell Atlantic Corporation v. Twombly, and Ashcroft v. Ibqal, the United States Court of Appeals for the Third Circuit requires district courts to engage in a two-part analysis when reviewing a Rule 12(b)(6) motion: (1) First, a court should separate the factual and legal elements of a claim, accepting well-pleaded factual matter as true and disregarding any legal conclusions; (2) Second, a court should determine whether the remaining well-pleaded facts sufficiently demonstrate that a plaintiff has a "plausible claim" for relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id.  When conducting its analysis, a court must view the complaint's allegations in the light most favorable to the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  The court's determination on Rule 12(b)(6) review is not whether the non-moving party "will ultimately prevail," but instead whether that party is "entitled to offer evidence to support the claims." United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 302 (3d Cir. 2011).  Thus, a court need not find that the plaintiff's claims are "probable," rather, a court need only discern whether the complaint contains "enough facts to raise a reasonable expectation that

---

or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

discovery will reveal evidence" consistent with the complaint. Phillips, 515 F.3d at 234.

## III. DISCUSSION

### A. Equal protection allegations

Plaintiff asserts that Defendants Knepp, Gingerich, Reedy, Jacobson, and Wernersville held him to more stringent, modified program standards than other individuals enrolled in the program, and thus violated his Fourteenth Amendment right to equal protection of the laws.[3] (Doc. No. 73 ¶ 176.) The Report and Recommendation advises that Plaintiff's allegations of specific instances where he was explicitly treated differently from other pre-release residents are sufficient to survive the motion to dismiss. (Doc. No. 119 at 24-25 (citing Phillips v. Cnty of Allegheny, 515 F.3d at 245).) Corrections Defendants object on the grounds of the Supreme Court's decisions in Willowbrook v. Olech, 528 U.S. 562, 564 (2000), and the Third Circuit's decision in Renchenski v. Williams, 622 F.3d 315, 337-38 (3d Cir. 2010), arguing that Plaintiff's complaint fails to plead that he was the "only one" subject to certain policies. (Doc. No. 121 at 5.) Specifically, Defendants take issue with Plaintiff's allegation that "virtually all the entire Wernersville CCC residency" was allowed Thanksgiving furlough except Plaintiff (Doc. No. 73 ¶ 102), and argue that Plaintiff has not stated a "class of one" claim. (Id.)

Allegations of "irrational and wholly arbitrary treatment, even without allegations of improper subjective motive," are sufficient to state a claim for relief under equal protection analysis on a "class-of-one" theory. Phillips, 515 F.3d at 243 (citing Olech, 528 U.S. at 565)). At a minimum, a plaintiff must allege he was intentionally treated differently from others

---

[3] The Report and Recommendation advises that the Court should dismiss Plaintiff's claims against Wernersville with prejudice.

similarly situated by the defendants and that there was no rational basis for such treatment. Phillips, 515 F.3d at 243. This standard does not require "specificity." See Phillips, 515 F.3d at 245 ("We note that the Olech decision does not establish a requirement that a plaintiff identify in the complaint specific instances where others have been treated differently for the purposes of equal protection.").

The Court finds that Corrections Defendants' objection is without merit. At this juncture, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, and finds that his allegation that "virtually all the entire Wernersville CCC residency" were treated differently than he was with respect to denial of furlough and payment in cash are sufficient to allege that he was singled out as a "class of one." See Phillips, 515 F.3d at 243. The Court therefore overrules Corrections Defendants' objections, and will deny their motion to dismiss Plaintiff's equal protection claim.

### B.     Eighth Amendment claims

Plaintiff alleges that Corrections Defendants Knepp and Gingerich violated his Eighth Amendment rights by virtue of preventing him from obtaining food and sleep, preventing him from attending his alcohol treatment meetings, and denying him furloughs. Plaintiff also alleges that Corrections Defendant Reedy deprived him of access to his inmate account and funds for clothing and automobile maintenance.[4] (Doc. No. 119 at 25 (citing Doc. No. 73 ¶ 182).) The Report and Recommendation advises that the Court deny Corrections Defendants Knepp, Gingerich, and Reedy's motion to dismiss these claims, finding that Plaintiff had alleged the

---

[4] Magistrate Judge Mehalchick recommends that the Court dismiss Plaintiff's Eighth Amendment claims against Corrections Defendants Jacobson and Wernersville with prejudice. (Doc. No. 119 at 26.)

sign-out procedure was his only means to obtain food, and thus he stated facts sufficient to state an Eighth Amendment claim. (Doc. No. 119 at 26.)

Pursuant to the Eighth Amendment to the United States Constitution, the state is obligated to provide inmates with adequate food, shelter, sanitation needs, medical care, and personal safety. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). The Eighth Amendment imposes duties on prisons to ensure that inmates receive adequate food. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Randolph v. Wetzel, No. 11-3396, 2013 WL 6671772 at *2 (E.D. Pa. Dec. 18, 2013). The failure to provide accommodations such as food and water are governed under the "deliberate indifference to serious medical needs standard." Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004). Deliberate indifference is a subjective standard, inasmuch the prison official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer, 511 U.S. at 837. Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Defendants Knepp, Gingerich, and Reddy object on the grounds that Plaintiff's allegations fail to show that they were "wanton and willful," or denied Plaintiff "the minimal civilized measure of life's necessities." (Doc. No. 121 at 7.) In support, Defendants cite several of the documents contained in Plaintiff's exhibit to his first-filed complaint that they assert effectively contradict Plaintiff's allegations; i.e., that Plaintiff could have adjusted his schedule to attend his preferred alcohol treatment meeting, and, that he was routinely granted money for clothing, despite his allegations to the contrary.[5] (Id. at 6.) Defendants Knepp, Reddy, and

---

[5] Although the Court may view documents outside of the pleadings when deciding a motion to dismiss in select circumstances, see In re Rockefeller Center Property, Inc. Securities

Gingerich claim that pages 59 through 73 of Exhibit 1 to Plaintiff's complaint demonstrates that "not even once was Plaintiff's request for money for food denied or even reduced." (Doc. No. 121 at 7.) The Court has reviewed this exhibit, and cannot discern if it conclusively contradicts Plaintiff's claims that Defendant denied his request for money and for food. The cited material contains copies of voided checks and copies of living expenses requests that Plaintiff filed between August 16, 2010 and October 27, 20120. (Doc. No. 1-1 at 59-73.) Plaintiff escaped from Wenernersville on November 25, 2010. (Doc. No. 73 ¶ 105.) The Court cannot view the last month of living expense requests and report. Nor do Defendants explain exactly how the cited material negates Plaintiff's allegations. (See Doc. No. 121 at 7.) Whether Plaintiff will be able to muster sufficient evidence on his Eighth Amendment claim to withstand summary judgment is another matter; however, as this stage the Court agrees with Magistrate Judge Mehalchick that Plaintiff states an Eighth Amendment claim, notwithstanding the exhibits that Defendants cite in support of their objections. Accordingly, the Court will overrule Defendants' Knepp, Reddy, and Gingerich's objections, adopt the Report and Recommendation, and deny Defendants Knepp, Reddy, and Gingerich's motion to dismiss.

### C.   First Amendment retaliation allegations

Plaintiff alleges that Defendants Knepp and Gingerich retaliated against him after he filed a report against Knepp for denying him sign-out times for employment, access to education, and leave to attend alcohol treatment meetings. (Doc. No. 119 at 10.) In the Report and Recommendation, Magistrate Judge Mehalchick recommends that the Court deny Defendants

---

Litigation, 184 F.3d 280, 287 (3d Cir. 1999), such documents are limited to those "integral to or explicitly relied upon in the complaint," such as when the plaintiff himself has relied on such documents in framing the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and quotation marks omitted).

Knepp and Gingerich's motion to dismiss Plaintiff's First Amendment retaliation claims. (Doc. No. 119 at 10-11.) Defendants object on the grounds that the complained-of conduct was not retaliatory, and, that the adverse action cited in Plaintiff's complaint would not deter a person of ordinary firmness from exercising his or her constitutional rights. (Doc. No. 121 at 9.)

To state a retaliation claim under the First Amendment, an inmate must allege the following: (1) that he engaged in constitutionally-protected activity, (2) that he suffered some adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and, (3) that his constitutionally-protected conduct was a substantial or motivating factor in the decision to take adverse action against him. Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011). Once a plaintiff has made out her prima facie case of retaliation, the burden shifts to the defendant to prove that she would have sanctioned the plaintiff "absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Defendants Knepp and Gingerich first argue that denying Plaintiff furlough over Thanksgiving is not a deprivation that would lead one of ordinary firmness to forgo his rights, and thus he fails to meet the second prong. (Doc. No. 121 at 9.) Defendants cite several cases in which the following adverse actions were held to be insufficient as a matter of law: issuance of a misconduct, interference with a newspaper subscription, and confiscation of eyeglasses and lotion. (Doc. No. 121 at 9-10.) The Court does not find the alleged adverse actions in these cases sufficiently analogous to Plaintiff's allegation that he was denied Thanksgiving furlough. See Thomas v. Indep. Twp., 463 F.3d 285, 289-90 (3d Cir. 2006) (finding that whether a retaliatory campaign of harassment is actionable is "generally a question of fact").

Defendants next seek to explain why Plaintiff would have been sanctioned absent the protected conduct for a purpose reasonably related to a legitimate penological objective. The Court does not find their proffered explanations persuasive. First, Defendants argue that because Plaintiff's complaint reveals that he violated the terms of the Refund Agreement, Defendants' search of his car as well as the withdrawal of funds from the accounts were reasonable actions, and not retaliatory. (Doc. No. 121 at 9.) The Court cannot discern from the cited materials that the car search and seizure of funds were related to a legitimate penological objective. Neither is the Court persuaded by Defendants' argument withdrawal of the approved residence form was related to a legitimate penological purpose because the approved residence form allegedly contained two inconsistent addresses for Ms. Mehrkam.[6] Even assuming the addresses were inconsistent, Defendants do not explain how this would necessarily mean that "any withdrawal of approval was reasonable and not retaliatory." (See Doc. No. 121 at 9.) Although the Court is aware that it must afford "broad discretion" to prison officials in the performance of their duties, see Thornburgh v. Abbott, 490 U.S. 401, 413 (1989), the Court cannot find that Plaintiff's allegations are insufficient as a matter of law. At this juncture, the Court is not permitted to weigh the facts; rather, the Court must view the allegations in the light most favorable to Plaintiff, and determine if he is entitled to offer evidence to support his claims. United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 302 (3d Cir. 2011). Accordingly, the Court will overrule Defendants' objections, and adopt Magistrate Judge Mehalchick's recommendation that the Court deny Defendants' Knepp and Gingerich's motion to dismiss Plaintiff's First Amendment retaliation claim.

---

[6] These forms were filed months apart, and therefore it is equally plausible that Ms. Mehrkam moved in the interval. (See Doc. No. 1-1 at 21, 27.)

**IV.    CONCLUSION**

The Court will adopt Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 119), and overrule Defendants' objections (Doc. Nos. 120, 121).  An order consistent with this memorandum follows.