**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT ASHTON,<br><br>                    Plaintiff<br><br>        v.<br><br>CORRECTIONS COUNSELO CHARLES T KNEPP, et al.,<br><br>                    Defendants | CIVIL ACTION NO. 1:12-CV-01920<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

### REPORT AND RECOMMENDATION

Pending before this Court is Defendants' motion to dismiss, together with a brief in support thereof, filed on September 4, 2014. (Doc. 138; Doc. 139). For the reasons provided below, it is recommended that Defendants' motion be **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Robert Ashton, proceeding *pro se*, brought the above-captioned civil rights action pursuant to U.S.C. § 1983 on September 26, 2012, (Doc. 1), which was subsequently amended on February 27, 2013. (Doc. 73). In his amended complaint, Ashton alleges a number of constitutional violations against personnel at the Wernersville Community Corrections facility where he was serving his sentence in prerelease capacity. On December 30, 2013, Defendants filed a motion to dismiss, together with a brief in support thereof. On August 25, 2014, the Court dismissed all claims against Defendants with prejudice, except for Ashton's First Amendment retaliation claim against Defendants Knepp and Gingerich; his Equal Protection claim against Defendants Knepp, Gingerich, Reedy, and Jacobson; and his Eighth Amendment claim against Defendants Knepp, Gingerich, and Reedy. (Doc. 137). Moreover, the Court granted Ashton leave to amend his complaint with respect to his Americans with

Disabilities Act and Rehabilitations claims and his Pennsylvania Human Relations Act claim. (Doc. 137).

On April 6, 2014, Ashton was paroled by the Pennsylvania Board of Probation and Parole. On September 4, 2014, Defendants filed a motion to dismiss for failure to prosecute on the basis that Ashton had absconded parole on or around August 27, 2014. (Doc. 140, at 3). Defendants also filed a motion to stay their answer to Ashton's amended complaint pending this Court's disposition of their motion to dismiss. (Doc. 138). On January 2, 2015, Robert Ashton filed a notice of change address. (Doc. 146). He is currently incarcerated at the Hernando County Jail in Brooksville, Florida.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a plaintiff's case for failure to prosecute. *See* Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In determining whether an action should be dismissed for failure to prosecute, the Court must balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police*

*Dept.*, 159 Fed. Appx. 371, 373 (3d. Cir. 2005) (citing *Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). Dismissal for failure to prosecute is a "drastic sanction" reserved for cases "comparable to . . . 'flagrant bad faith' and 'callous disregard.'" *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). No one factor is determinative and thus not all of the *Poulis* factors must be met to warrant dismissal. *Mindek v. Rigatti*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

### B. PERSONAL RESPONSIBILITY

Defendants argue that Ashton has the ultimate responsibility for prosecuting his claim. (Doc. 139, at 3). Specifically, Defendants represent that Ashton has absconded parole, and cannot be located by his probation officer. As such, Defendants assert that because Ashton "is responsible for his decision to abscond from parole . . . [h]e should suffer all collateral consequences from his illegal act." (Doc. 139, at 3).

Because Ashton is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 Fed.Appx. 113, 117 (3d Cir. 2011); *see also Gieniec v. Smith*, No.3:09-cv-02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec. 8, 2011) ("Plaintiff is proceeding *pro se*, and thus is responsible for . . . informing the Court of his address, responding to discovery requests, and complying

with Court orders."). In this case, it is the personal responsibility of Ashton, proceeding *pro se*, to maintain accurate contact information. Ashton's failure to inform the Court or Defendants of his present whereabouts for nine months[1], and the fact that he had absconded from parole and was the subject of an outstanding arrest warrant, demonstrate his personal responsibility in prosecuting his claim. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### C. PREJUDICE TO MOVING PARTY

Defendants argue that the second *Poulis* factor is satisfied here, as Defendants have been prejudiced by their inability to "serve [Ashton] with any filings, including an answer to the Amended Complaint and, most notabl[ ]y, discovery requests." (Doc. 27). A finding of prejudice does not require "irremediable harm." Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). While Ashton's absconder status would impede Defendants' ability to prepare a trial strategy, Ashton has recently filed a notice of change of address, which enables Defendants to serve Ashton with discovery requests and other filings. Accordingly, the Court finds that the second *Poulis* factor weighs against dismissal.

### D. HISTORY OF DILATORINESS

Defendants concede that the third *Poulis* factor is not met here. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to

---

[1] Aside from Ashton's filing a notice of change of address on February 2, 2015, his last filing with the Court was a notice of change of address on April 22, 2014.

interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d. Cir. 1994); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)(finding a history of dilatory conduct where the plaintiffs repeatedly failed to provide a calculation of damages for the defendant); *Emerson v. Theil College,* 296 F.3d 184, 191 (3d Cir. 2002)(finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court mandated deadlines). However, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus,* 538 F.3d 252, 261 (3d Cir. 2008)(citation removed)(refusing to find a history of dilatory conduct where plaintiff refused to attend one scheduled deposition). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams,* 29 F.3d at 875.

Here, the facts are insufficient to support a conclusion that Ashton has engaged in a history of dilatoriness. Accordingly, the third *Poulis* factor weighs against dismissal.

E. P<small>ARTY'S</small> W<small>ILLFUL OR</small> B<small>AD</small> F<small>AITH</small>

Defendants submit that Ashton has acted willfully and in bad faith by absconding parole. (Doc. 139, at 4). This factor requires the court to consider whether the plaintiff's conduct reflects mere inadvertence or negligence, or rather "strategic," intentional or self-serving behavior." *Adams,* 29 F.3d at 875. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe,* 538 F.3d at 262. Generally, willfulness involves intentional or self-serving behavior. *Id*. Conversely, "[i]f the conduct is merely negligent or inadvertent, [the court] will not call the conduct 'contumacious.'" *Id.* "Absconding from parole and failing to inform the Court of where he resides" for a period of nine months, constitutes

5

"willfulness, bad faith and fault." *Baker v. Wayne City Michigan Police Dep't*, No. 06-13079, 2007 WL 3203121, at *2 (E.D. Mich. Oct. 31, 2007). Accordingly, the fourth *Poulis* factor weighs in favor of dismissal.

    F.  AVAILABILITY OF ALTERNATIVE SANCTIONS

In considering the fifth factor, the effectiveness of alternative sanctions, this Court finds that there are no appropriate sanctions other than dismissal. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding *pro se*." See *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (per curiam); *see eg., Nowland v. Lucas*, Civil No.1:10-CV-1963, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012)("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Ashton's status as a *pro se* litigant prevents this Court from sanctioning him or using alternative sanctions. Moreover, Ashton's decision to abscond from parole precludes him from receiving notice of those sanctions even if they could be imposed on him. Accordingly, this factor weighs in favor of Defendants.

    G.  MERIT OF PLAINTIFF'S CLAIM

Defendants argue that while Ashton's amended complaint survived a motion to dismiss, "they could put on a strong and valid defense" and further, that it is likely that "they would be insul[a]ted by the defense of qualified immunity." (Doc. 139, at 4). A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citing *Poulis*, 747 F.2d at

6

869-70). Here, "the claims that remain in this case have been tested by a motion to dismiss and have survived. As a consequence, they must be considered meritorious." *Guy v. City of Wilmington*, 169 F.R.D. 593, 597 (D. Del. 1996); (Doc. 135). Accordingly, this *Poulis* factor weighs in favor of Ashton.

### H. BALANCING THE *POULIS* FACTORS

To reiterate, in balancing the *Poulis* factors there is no "magic formula" for determining whether dismissal is appropriate for failure to prosecute. "While 'no single *Poulis* factor is dispositive' . . . 'not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.'" *Briscoe*, 538 F.3d at 263 (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

Here, the factors that favor Ashton are that he has not exhibited a pattern of dilatoriness, that Defendants are not prejudiced, and that his remaining claims are arguably meritorious. While Ashton apparently absconded from parole for a period of time, he has recently filed a notice of change of address, thereby indicating to this Court that he wishes to continue prosecuting his case. Therefore, this Court finds that dismissal is not warranted at this time.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 138), be **DENIED**;

2. Defendants be directed to file an answer to Plaintiff's amended complaint (Doc. 73), within thirty (30) days after disposition of this Report and Recommendation by the District Court; and

3. This matter be remanded to the undersigned for further proceedings.

**Dated: February 3, 2015**                                    *s/ Karoline Mehalchick*
                                                                **KAROLINE MEHALCHICK**
                                                                **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ASHTON,<br><br>          Plaintiff<br><br>v.<br><br>CORRECTIONS COUNSELO CHARLES T KNEPP et al.,<br><br>          Defendants | CIVIL ACTION NO. 1:12-CV-01920<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 3, 2015**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: February 3, 2015
                                                                     *s/ Karoline Mehalchick*
                                                                   **KAROLINE MEHALCHICK**
                                                                   **United States Magistrate Judge**