IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ASHTON, | : | |
| Plaintiff | : | No. 1:12-cv-1920 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| CHARLES KNEPP, et. al., | : | (Magistrate Judge Mehalchick) |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 148), in which she recommends that the Court deny Defendants' motion to dismiss for failure to prosecute (Doc. No. 138). Defendants filed objections to the Report and Recommendation on February 10, 2015. (Doc. No. 149.) The Court will overrule Defendants' objections, adopt Magistrate Judge Mehalchick's Report and Recommendation and deny Defendants' motion.[1]

This Section 1983 civil rights case originated in 2012 while Plaintiff was incarcerated in Pennsylvania. (See Doc. No. 1.) The case progressed steadily from 2012 until 2014. However after approximately five months of silence by Plaintiff, Defendants filed a motion to dismiss for failure to prosecute on September 4, 2014. (Doc. No. 138.) According to Defendants' motion, Plaintiff had absconded from his state parole and could not be located. (Doc. No. 139 at 1-2.)

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

While Defendants' motion was pending, Plaintiff filed a change of address notice with the Court, indicating that he was again incarcerated, this time in Florida.  (Doc. No. 146.)  Plaintiff has filed three more documents with the Court since Magistrate Judge Mehalchick issued her Report and Recommendation on February 3, 2015.  (Doc. Nos. 150, 151, 152.)

In her Report and Recommendation, Magistrate Judge Mehalchick weighed the so-called Poulis factors as mandated by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).  Magistrate Judge Mehalchick found that, under the circumstances, three factors weighed in favor of dismissal while three factors weighed against.  (Doc. No. 148 at 3-7.)  Specifically, Magistrate Judge Mehalchick found that the "personal responsibility," Plaintiff's "willful or bad faith," and "availability of alternative sanctions" factors weighed in favor of dismissal, while Magistrate Judge Mehalchick found that Plaintiff had no history of dilatoriness in the previous course of the litigation, that Defendants would no suffer prejudice if the case were to proceed, and that his claims had conceivable merit, so Magistrate Judge Mehalchick ultimately reasoned that dismissal was not appropriate.  (Id.)  Magistrate Judge Mehalchick also observed that "[t]he Poulis factors are not 'a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation.'"  (Id. at 3) (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

Defendants have based their objection on two grounds: (1) that the presence of Plaintiff in Florida, rather than Pennsylvania, would cause them prejudice; and (2) that Williams v. Cambridge Integrated Servs. Grp., 235 F. App'x 870 (3d Cir. 2007), counsels in favor of granting their motion.  (Doc. No. 149 at 3.)  As to the first ground, Magistrate Judge Mehalchick did consider the discovery process when weighing the prejudice factor, and she concluded that

the ability to serve discovery requests and other filings mitigated any prejudice to Defendants resulting from Plaintiff's absence. (Doc. No. 148 at 4.) While the Court shares Defendants' concern about the difficulty coordinating a live deposition, the Court is satisfied that if and when the need arises, coordination will be possible. In any case, that concern alone is not sufficient to materially alter Magistrate Judge Mehalchick's balancing of the Poulis factors. See Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) ("[N]o single Poulis factor is dispositive . . . .") (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). Further, the Court finds that Williams does not require a different result. In that non-precedential opinion, the United States Court of Appeals for the Third Circuit affirmed the denial of a motion to re-open a closed case. 235 F. App'x at 871-872. The Williams plaintiff failed at appear at a status conference, leading the district court to dismiss his complaint. Id. The Third Circuit vacated the district court's dismissal. Id. Once the case had returned to the district court, the plaintiff again failed to appear at a status conference, and then neglected to comply with court orders to show cause why his case should not be dismissed. Id. So far, at least, Plaintiff in this case has not flagrantly disobeyed explicit orders of the Court in that manner.

Of course, if Plaintiff again fails to apprise the Court of his mailing address, egregiously fails to comply with deadlines, or otherwise hampers or delays the course of this litigation, Defendants may again seek dismissal based on failure to prosecute.

**ACCORDINGLY**, on this 23rd day of June 2015, **IT IS HEREBY ORDERED THAT** the Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 148) is **ADOPTED**,

Defendants' motion to dismiss (Doc. No. 138) is **DENIED**, and this matter is referred back to Magistrate Judge Mehalchick for further proceedings.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania